**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

PETER LABRECK,                      CASE NO. 2:13-CV-15275
                                    HONORABLE LAWRENCE P. ZATKOFF
                                    UNITED STATES DISTRICT JUDGE

                Plaintiff,
vs.

MICHIGAN DEPARTMENT OF
TREASURY, et. al.,

                Defendants,
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

      Plaintiff is an inmate currently confined at the Lakeland Correctional Facility in Coldwater, Michigan. On January 14, 2014, Magistrate Judge R. Steven Whalen signed an order of deficiency, which required Plaintiff to provide a prisoner's application to proceed without prepayment of fees and costs and authorization to withdraw from trust fund account, a signed certification of his prison trust account from an authorized jail official and a current computerized trust fund account showing the history of the financial transactions in Plaintiff's institutional trust fund account for the past six months. Alternatively, the order allowed Plaintiff to pay the four hundred ($ 400.00) dollar filing fee in full. Plaintiff was given thirty days to comply with the order.

      On February 14, 2014, Plaintiff filed an application to proceed in district court without prepaying costs and fees. Plaintiff, however, failed to provide this Court with a written authorization to withdraw funds from his prison trust fund account. Plaintiff also failed to provide the Court with a certified trust account statement or a current computerized trust fund statement of account showing

1

the history of the financial transactions in his institutional trust fund account for the past six months. For the reasons stated below, the complaint is dismissed without prejudice.

## I. Discussion

The Prisoner Litigation Reform Act of 1995 ("PLRA") states that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1)(as amended). *See also In Re Prison Litigation Reform Act,* 105 F. 3d 1131, 1138 (6th Cir. 1997). The *in forma pauperis* statute, 28 U.S.C. § 1915(a), does provide prisoners the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. *See Miller v. Campbell,* 108 F. Supp. 2d 960, 962 (W.D. Tenn. 2000). Under the PLRA, a prisoner may bring a civil action *in forma pauperis* if he files an affidavit of indigency and a certified copy of the trust fund account statement for the six-month period immediately preceding the filing of the complaint. *See* 28 U.S.C.A. § 1915(a). If the inmate does not pay the full filing fee and fails to provide the required documents, the district court must notify the prisoner of the deficiency and grant him thirty days to correct it or pay the full fee. *See McGore v. Wrigglesworth*, 114 F. 3d 601, 605 (6th Cir. 1997). If the prisoner does not comply, the district court must presume that the prisoner is not a pauper, assess the inmate the full fee, and order the case dismissed for want of prosecution. *Id.*

Plaintiff's application to proceed without prepayment of fees and costs is initially deficient because he failed to file an authorization to withdraw funds. The moment Plaintiff filed his complaint, he became responsible for the filing fee, and he waived any objection to the withdrawal of funds from his trust fund account to pay court fees and costs. *McGore v. Wrigglesworth*, 114 F. 3d at 605. Plaintiff's application to proceed without prepayment of fees or costs is deficient and

subject to dismissal because it lacks the requisite authorization form. *See Lindsey v. Roman,* 408 Fed. Appx. 530, 533 (3rd Cir. 2010).

Plaintiff has also failed to provide the Court with a signed certification regarding trust fund account. An uncertified trust fund account statement, or one that lacks a signature, is insufficient to satisfy the filing requirements for permitting a prisoner to proceed *in forma pauperis* under § 1915(a)(2), nor would it cure the deficiency in this case. *See Hart v. Jaukins,* 99 Fed. Appx. 208, 209-10 (10th Cir. 2004); *See also Moore v. Vantifflin,* No. 2009 WL 224548, * 1 (E.D. Mich. January 30, 2009).

Finally, Plaintiff has failed to provide the Court with a current computerized trust fund statement of account showing the history of the financial transactions in his institutional trust fund account for the past six months. Plaintiff's complaint is thus subject to dismissal for lack of prosecution because of his failure to correct the deficiency by providing the Court a copy of his computerized prison trust fund account for the past six months. *See Davis v. United States,* 73 Fed. Appx. 804, 805 (6th Cir. 2003).[1]

The Court will dismiss the complaint without prejudice for want of prosecution, because of Plaintiff's failure to comply with the deficiency order by failing to timely pay the filing fee or to provide the requested documentation needed to proceed *in forma pauperis*. *See Erby v. Kula,* 113 Fed. Appx. 74, 75-6 (6th Cir. 2004).

---

1. Plaintiff filed a "Motion to Waive Fees and Costs" [dkt 2] at the time he filed the complaint. This motion failed, however, to satisfy the filing fee requirements of the PLRA for the same reasons that Plaintiff's current application fails to do so.

Accordingly, the Court DISMISSES WITHOUT PREJUDICE the complaint under 28 U.S.C. § 1915(a)(1) and (b)(1) and (2) for failure to comply with the filing requirements of the Prison Litigation Reform Act.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
HON. LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT COURT

DATED: February 21, 2014